**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SERGIO AGUDO, individually and on behalf of a class of persons similarly situated,

Plaintiff,

v.

REZA ON CLARK, INC.; RYAN TOULABI; JOSEPH TOULABI; and REZA TOULABI,

Defendants.

No. 24 C 8716

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

The Court entered a default judgment against Defendants on July 14, 2025. R. 33. Then on August 7, 2025, Defendants moved to vacate the default judgment. R. 38. After reviewing briefing on the motion, the Court found a hearing was necessary to decide it. R. 52. The Court held hearings on October 22 and November 3, 2025, and the parties filed supplemental briefs. For the following reasons, Defendants' motion to vacate is denied in part and granted in part.

**Legal Standard**

Federal Rule of Civil Procedure 60(b)(4) permits a court to vacate a final judgment if the judgment is void. A judgment is void if the court "had no jurisdiction over the movant." *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). A court is deprived of jurisdiction over a defendant if the plaintiff fails to complete service of process on that person or entity. *See id.* The burden is on the defendant to show that the judgment is void for lack of service of process. *See Trs. of Cent. Laborers' Welfare

*Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991); *Fed. Equip. Corp. v. Puma Indus. Co.*, 182 F.R.D. 565, 567 (N.D. Ill. 1998).

**Analysis**

Defendant Joseph Toulabi did not move to vacate the judgment against him. Only the three other Defendants are at issue on this motion: (1) the corporate Defendant, Reza on Clark, Inc.; (2) Ryan Toulabi; and (3) Reza Toulabi, who are both owners and/or officers of Reza on Clark.

## I. Reza on Clark

The Court entered judgment against Reza on Clark based on a process server's affidavit stating that he left the summons and complaint with the office manager for Reza on Clark's registered agent. In ordering a hearing on this motion, the Court noted that other courts have held that this is insufficient to accomplish service under Illinois law. *See First Chicago Bank & Tr. v. Surgeen Dev. LLC*, 2016 WL 1460367, at *3 (Ill. App. Ct. 2d Apr. 14, 2016) ("Moreover, service on a secretary of a registered agent is not proper service on the corporation.") (citing cases); *see also Shumway v. Gurnee Prop. Mgmt., Inc.*, 2022 WL 1211507, at *3 (N.D. Ill. Apr. 25, 2022) ("But a plaintiff seeking to serve a corporation's registered agent must deliver process to the registered agent, not just any person who may be present at the registered agent's address.").

To the extent leaving the summons and complaint with the registered agent's staff is insufficient, the testimony at the hearings demonstrated that the registered agent willfully evaded service such that it is not proper to vacate the default judgment

against Reza on Clark. *See Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996) ("What is rotten in this record is [the defendant's] continued effort to avoid service of process and frustrate the efficient administration of justice. Such circumstances warrant the use of default."). The hearing testimony revealed the following facts:

- Dante Odoni is the registered agent for Reza on Clark.
- On January 7, 2025, process server Anthony Ortolano visited Odoni's office in Wheaton, Illinois.
- Odoni was not present, so Ortolano left the summons and complaint with Odoni's secretary.
- On January 15, 2025, Ortolano spoke with Odoni on the phone and informed Odoni that he was attempting to serve Reza on Clark with the summons and complaint in this case.
- Odoni scheduled a time to meet Ortolano at Odoni's office in Chicago.
- Odoni did not show up for that meeting, so Ortolano again left a copy of the Summons and Complaint with Odoni's secretary.
- On January 21, 2025, Ortolano again tried delivering the summons and complaint to Odoni, this time at Odoni's personal residence in Chicago. Ortolano spoke with Odoni either on the phone or the residence intercom, and Odoni refused to come out of the residence to accept service of process for Reza on Clark.
- Odoni's staff gave him the summons and complaint Ortolano had delivered. Eventually, on February 3, 2025, Odoni sent a copy of the first page of the complaint in this case by text message to Defendant Ryan Toulabi, who Odoni believed to be the managing officer of Reza on Clark.

This course of events clearly demonstrates a willful attempt to evade service by Reza on Clark, through its registered agent, Dante Odoni. For this reason, the motion to vacate the judgment against Reza on Clark is denied.

**II. Ryan Toulabi**

The Court entered judgment against Ryan Toulabi based on a process server's affidavit stating that he personally delivered the summons and complaint to Ryan Toulabi on January 18, 2025. In support of this motion to vacate, Ryan Toulabi filed an affidavit stating that he never received the summons and complaint. The Court ordered a hearing on that basis. At the hearing, Ryan Toulabi testified, in accordance with his affidavit, that he never received the summons and complaint in this case. This testimony was contrary to the testimony of the process server, who identified Ryan Toulabi in court as the person he served in this case on January 18, 2025.

The Court finds that the process server's testimony is more credible than that of Ryan Toulabi. The process server testified that he visited the apartment building where Ryan Toulabi lives and that the building's doorman permitted him to visit the front door of Ryan Toulabi's apartment. The process server testified that he served process on a man wearing only boxer shorts, who he identified in court as Ryan Toulabi. The process server also testified that the person he served matched the description of Ryan Toulabi the process server received from the building's doorman.

In his affidavit of service, the process server described the man he served as "white." He was questioned at the hearing about whether Ryan Toulabi appeared to be "white" when he was in court for the hearing. The process server testified that he

used the term “white” for any person who is not “Black” or “Asian,” and he believed Ryan Toulabi was accurately described as “white.”

Ryan Toulabi admits that his residence is the apartment the process server visited on January 18, 2025. Ryan Toulabi offered no credible explanation for why he would not have received the papers the process server left at his apartment. Ryan Toulbai also testified that his girlfriend who he lived with at that apartment did not have any other boyfriends, nor did her sister who was often at the apartment, and he further denied that any man would be there shirtless in boxer shorts to answer the door, other than himself. *See* R. 61 at 67:3-14; 68:3-12. He offered no suggestion as to who might have answered his apartment door when the process server visited.

The Court also finds Ryan Toulabi’s testimony less than credible because he denies receiving a text message from the registered agent for Reza on Clark delivering the first page of the complaint in this case. As discussed above, the registered agent admitted willful evasion of service when he testified. The agent’s willingness to admit that he violated his duty under Illinois law is a positive indication of his credibility, and so the Court also believes his testimony that he texted the complaint’s first page to Ryan Toulabi. Yet, Ryan Toulabi denies receiving this text message. Ryan Toulabi testified that he may have simply disregarded the text message and forgot about it. His admission that he does not remember events material to the issues on this motion is a basis for the Court to discredit Ryan Toulabi’s testimony in favor of the testimony of the process server and the registered

agent. The Court also bases this determination on its observations of the manner of testimony of all three witnesses.

For these reasons, Ryan Toulabi's motion to vacate the judgment against him is denied.

## III. Reza Toulabi

The Court entered judgment against Reza Toulabi after granting a motion to permit alternative service by text message. Under Illinois law, alternative service by text message is permitted on a showing, after "diligent inquiry," that personal service is "impractical," *see* 735 ILCS 5/2-203.1, and a separate showing that the defendant "has recently sent and received transmissions from a specific e-mail address or telephone number," *see* Ill. Sup. Ct. R. 102(f)(2). The Court granted the motion for service by text message because Plaintiff represented that service was not possible at any of Defendants' known residences and that phone number 773-561-0522 was Reza Toulabi's last known phone number according to a Lexis search.

The mere fact a phone is listed on Lexis as connected to a particular person is an insufficient basis to establish that the person "has recently sent and received transmissions" from that phone number, as is required by Illinois law. Furthermore, Reza Toulabi testified that he has never had the phone number 773-561-0522. Plaintiff offers no additional evidence that the 0522 number ever belonged to Reza Toulabi. And Plaintiff makes no argument in his post-hearing brief that the alternative service on Reza Toulabi was sufficient.

For these reasons, the Court quashes the alternative service on Reza Toulabi and vacates the default judgment against him.

## Conclusion

Therefore, Defendants' motion to vacate the default judgment [58] [60] [68] [69] is granted in part and denied in part. It is denied as to Reza on Clark and Ryan Toulabi, and it is granted as to Reza Toulabi. The deadline for proper service on Reza Toulabi is 10/22/2026. A joint status report is due 11/6/2026.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: September 22, 2026